# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT
### Docket No. 13-1619-CV-(L)

JAMES N. HUTCHERSON, JR.; SHARON T. HUTCHERSON,
as wife of James N. Hutcherson, Jr.,

       Plaintiffs-Appellants,

   v.

CHAE Y. LIM, individually and in his professional/
employment capacity,

       Defendant-Appellee,

   and

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY, d/b/a WMATA,

       Defendant.

**On Appeal from the United States District Court
for the District of Maryland (Greenbelt)**

**PLAINTIFF-APPELLANT'S BRIEF ON APPEAL**

ODELUGO & JOHNSON, LLC
Attorneys for Plaintiffs-Appellants
4601 Presidents Drive, Suite 145
Lanham, MD 20706
301-832-3020

# Table of Contents

Table of Authorities .................................................................................................. ii

Preliminary Statement ............................................................................................... 1

Reply 1
        A. Business Record Rule 803 ............................................................................ 1
        B. Medical Diagnosis Exception Under Rule 803(4) is Inapplicable ............. 2
        C. Impeachment as Inconsistent Statement Inapplicable ............................... 2
        D. Harmless Error .............................................................................................. 3
        E. Failure to Preserve Inconsistency Argument .............................................. 3
        F. Loss of Consortium Argument Not Waived ............................................... 5

Conclusion ................................................................................................................. 5

CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a ......................... 6

CERTIFICATE OF SERVICE ................................................................................. 7

# TABLE OF AUTHORITIES

## CASES

Austin v. Paramount Parks, Inc., 195 F.3d 715 (4th Cir. 1999) ............................... 3

Belber v. Lipson, 905 F.2d 549 (1st Cir.1990) ......................................................... 1

Carnell Constr. Corp. v. Danville Redevelop. & Housing Auth., 745 F.3d 703 (4th Cir. 2014) ................................................................................................. 3

Figg v. Schroeder, 312 F.3d 625 (4th Cir. 2002) ..................................................... 4

Labram v. Havel, 43 F.3d 918 (4th Cir.1995) .......................................................... 5

Ladnier v. Murray, 769 F.2d 195 (4th Cir.1985) ..................................................... 4

Price v. City of Charlotte, 93 F.3d 1241 (4th Cir. 1996) ......................................... 4

Thomas v. Stalter, 20 F.3d 298 (7th Cir. 1994) ........................................................ 4

United States v. Barile, 286 F.3d 749 (4th Cir. 2002) ............................................. 3

## STATUTES

Fed. R. App. P. 28.1(e)(2) ......................................................................................... 6

Fed. R. App. P. 32(a)(5) ............................................................................................ 6

Fed. R. App. P. 32(a)(6) ............................................................................................ 6

Fed. R. App. P. 32(a)(7)(B)(iii) ................................................................................. 6

Fed. R. Civ. P. 49(a) .................................................................................................. 4

Fed. R. Evid. 613(b) .................................................................................................. 2

Fed.R.Evid. 803(6)(D) .............................................................................................. 1

## Preliminary Statement

Appellee's brief consists of broad generalizations that do not connect with the facts of the case. No one disagrees with the general propositions concerning the admissibility of medical records and business records. That, however, is foreign from the issues in this case. A short reply is in order.

## Reply

A. <u>Business Record Rule 803</u>

In order to admit a document as a business record, the relevant criteria, contemporaneity, regularity of the conducted activity, and regularity of the record-making must be shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification. Fed.R.Evid. 803(6)(D).

In *Belber v. Lipson*, 905 F.2d 549, 552 (1st Cir.1990), the court held that medical records were not admissible because there was a lack of testimony by the custodian or other qualified witness, stating: "This testimony is essential. Without such a witness the writing must be excluded. 'Obviously a writing is not admissible . . . merely because it may appear on its face to be a writing made by a physician in the regular course of his practice.'"

Here the witness on the stand did not lay the requisite foundation. He could

not answer the contemporaneity requirement. Since the foundation criteria were not established by the testimony of the custodian and the witness on the stand was not able to do so, it was error as a matter of law to admit the document as a business record.

B. <u>Medical Diagnosis Exception Under Rule 803(4) is Inapplicable</u>

The medical diagnosis exception fails for a very fundamental reason. The statement that Defendant relies upon was allegedly made to a physician other than the witness on the stand. Consequently, absent the business record exception, the medical diagnosis exception would not qualify.

C. <u>Impeachment as Inconsistent Statement Inapplicable</u>

Appellee makes a newly minted claim, i.e., that the document was admitted for the purposes of impeachment. Assuming, without conceding, that this argument is available on appellate review, it is without merit.

Fed. R. Evid. 613(b) provides that "[e]xtrinsic evidence of a witness' prior inconsistent statement is admissible only if the witness is given an opportunity to explain or deny the statement and an adverse party is given an opportunity to examine the witness about it, or if justice so requires."

For a statement to qualify as a witness' prior inconsistent statement under Rule 613(b), the statement must be one that the witness has made or adopted, or to

which the witness otherwise has subscribed. See *United States v. Barile*, 286 F.3d 749, 757-58 (4th Cir. 2002) (indicating that a third party's statement only is admissible under Rule 613(b) if the statement was adopted by the witness or otherwise is "reasonably attributable" to the witness).

Thus, if the document was to be used for impeachment, the plaintiff had to be confronted with it on cross-examination. Since he was not, the impeachment argument fails.

D. Harmless Error

In *Carnell Constr. Corp. v. Danville Redevelop. & Housing Auth.*, 745 F.3d 703 (4th Cir. 2014), this Court reaffirmed that the test for harmless error focuses on whether the error had a substantial influence on the verdict. It rejected a claim of harmless error, where an internal document was used for "impeachment."

If the error in *Carnell* was not harmless, the error here cannot be harmless either. The document formed the basis for a conclusion that there was nothing wrong with the plaintiff and, therefore, although there was liability, there wasn't any damage. It thus affected the substantial rights of the plaintiff.

E. Failure to Preserve Inconsistency Argument

Appellee, citing *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 726 (4th Cir. 1999), contends that there has been a failure to preserve an argument of

3

inconsistency by a failure to object before the jury was discharged.

But the cases are legion in this Circuit where such an argument was considered on a motion for a new trial. In *Figg v. Schroeder*, 312 F.3d 625 (4th Cir. 2002), no objection had been raised until the jury had been discharged. The district court denied a motion for a new trial, but this Court reversed.

In *Ladnier v. Murray*, 769 F.2d 195, 198 (4th Cir.1985).  a jury had rendered a special verdict pursuant to Fed.R.Civ.P. 49(a), and although neither party raised any objection at trial, the losing side challenged the verdict on grounds of inconsistency in its appeal. *Id*. at 198. This Court held that the failure of a party to move to resubmit conflicting special findings to the jury for reconciliation does not constitute waiver of the objection. *Id*. at 198 n. 3.

We have noted that the verdict in this case cannot be rationalized under the analysis in cases such as *Thomas v. Stalter*, 20 F.3d 298 (7th Cir. 1994). Appellee does not discuss this case, but rather relies upon decisions that are clearly inapposite, such as *Price v. City of Charlotte*, 93 F.3d 1241 (4th Cir. 1996),  which involved a claim by police officers challenging the constitutionality of promotions practices, and this Court reversed the award of compensatory damages and awarded the plaintiffs one dollar in nominal damages.

No one denies that nominal damages can be awarded in an appropriate case.

4

This, however, is not an appropriate case as Plaintiff provided documentation that as a result of Defendant's actions, Plaintiff was injured and suffered damages.

F. <u>Loss of Consortium Argument Not Waived</u>

No mention is made of the cause of action concerning loss of consortium because that is a derivative action. If a new trial is granted on the husband's claim, a new trial on the loss of consortium claim would follow as well. *See Labram v. Havel*, 43 F.3d 918, 921 (4th Cir.1995).

## Conclusion

For the reasons stated in the opening brief and this reply, the judgment should be reversed and the matter remanded to the district court for further proceedings.

Dated: July 28, 2014

                                             Respectfully submitted,

                                             Odelugo & Johnson, LLC
                                             Attorneys for Plaintiff-Appellant

                                             By /s/Anitha W. Johnson
                                             4601 Presidents Drive, Suite #145
                                             Lanham, MD 20706
                                             Office (301) 832-3020
                                             Fax (301) 850-6729

# **UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT**

CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)
Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

    This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because it is less than 15pages and contains 1,266 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because: this brief has been prepared in a proportionally spaced typeface using Word Perfect x7 in 14 point Times New Roman Type.

## **CERTIFICATE OF SERVICE**

      I certify that on July 28, 2014, the foregoing document was served on all parties or their counsel of record through the CM/ECF system as they are registered users.


/s/  Anitha W. Johnson